Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Tia Hedges;<br><br>  Plaintiff,<br><br>v.<br><br>U.S. Collections West, Inc.;<br>Alan H. Zimmerman, P.C.; and<br>Alan H. Zimmerman;<br><br>  Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I.  Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

**II.  JURISDICTION**

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue

|   |   |   |
|---|---|---|
| 1 |   | lies in the Phoenix Division of the District of Arizona as Plaintiff's |
| 2 |   | claims arose from acts of the Defendants perpetrated therein. |

### III.  PARTIES

3. Plaintiff Tia Hedges is a resident of Maricopa County, Arizona.
4. Hedges is a natural person who was allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Hedges is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant U.S. Collections West, Inc. ("USCW") is an Arizona corporation.
7. USCW is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0007027.
8. USCW collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or been assigned after default.
9. USCW is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant Alan H. Zimmerman, P.C. ("Zimmerman PC") is an Arizona professional corporation.
11. Zimmerman PC is an Arizona law firm engaged in the collection or attempted collection of consumer debts owed or asserted to be owed or due another.
12. Zimmerman PC is a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. Defendant Alan H. Zimmerman ("Zimmerman") is an Arizona licensed attorney.

1  14. Zimmerman collects or attempts to collect debts owed or asserted to be
2      owed or due another.
3  15. Zimmerman is a "debt collector" as that term is defined by FDCPA §
4      1692a(6).
5  16. Upon information and belief, Zimmerman oversees and controls the
6      day to day operations of Zimmerman PC, and makes decisions on how
7      Zimmerman PC engages in the collection of consumer debt.
8  17. At all times relevant herein, Zimmerman and Zimmerman PC were
9      acting in concert with, on behalf of, and / or as agents for USCW.

### IV. Factual Allegations

11 18. In or before 2005, Hedges rented an apartment for personal, family or
12     household purposes.
13 19. Hedges subsequently fell behind on her rent payments.
14 20. In November 2005, Alliance Property Management, the apartment
15     management company, brought a forcible detainer suit against Hedges
16     in the East Mesa Justice Court.
17 21. As a result of the suit, the justice court entered judgment against
18     Hedges on November 29, 2005.
19 22. Upon information and belief, sometime later Alliance assigned the
20     judgment debt to USCW for collection purposes.
21 23. After assignment, USCW substituted in as the named plaintiff in the
22     East Mesa Justice Court action.
23 24. USCW hired Zimmerman PC and attorney Zimmerman to assist it in
24     collecting the judgment.
25 25. A.R.S. § 12-1551(A) provides that a judgment creditor may only

execute on a judgment "within five years after entry of judgment and within five years after any renewal of the judgment…."

26. A.R.S. § 12-1551(B) provides that a judgment may be renewed only by filing an affidavit of renewal or taking action to execute on the judgment.

27. To renew a judgment by affidavit, A.R.S. § 12-1612(B) expressly requires that the affidavit be filed within ninety (90) days preceding the expiration of the judgment.

28. In this instance, Defendants filed their Affidavit of Renewal of Judgment with the East Mesa Justice Court on August 18, 2010, eleven (11) days too early.

29. Defendants' premature filing of the affidavit was ineffective in renewing the judgment. *State ex rel. Indus. Com'n of Arizona v. Galloway*, 224 Ariz. 325, 330, 230 P.3d 708, 713(App. 2010).

30. Thus, the November 29, 2005 judgment expired on November 29, 2010.

31. In or about August 2013, Defendants filed for and obtained a writ of garnishment from the East Mesa Justice Court to collect on the expired judgment.

32. In their application for the writ of garnishment, Defendants misrepresented the status of the judgment, which had expired in November 2010.

33. In reliance upon Defendants misrepresentations, the justice court issued the writ of garnishment.

34. Upon issuance of the writ, Defendants served the writ on Hedge's

1         employer, CVS Pharmacy, Inc.

2   35.   Upon service of the writ, CVS immediately began withholding funds from Hedge's wages.

4   36.   The withholding of funds from Hedges wages caused a financial burden on her, and made it difficult for her to pay her everyday living expenses.

7   37.   As a result of Defendants' service of the writ of garnishment, Hedges has been charged fees by her employer for each pay period her wages were garnished.

10   38.   At the time Defendants sought and obtained the writ of garnishment against Hedges' wages, they knew or should have known that the Judgment was stale, and that it had no right to execute on the judgment.

13   39.   At the time Defendants served the writ of garnishment on Hedges' employer, they knew or should have known that the Judgment was stale, and that it had no right to execute on the judgment.

16   40.   As a result of Defendants' actions as outlined above, Hedges has suffered damages including, but not limited to, economic loss, financial hardship, embarrassment, humiliation, fear, anxiety, invasion of privacy, and other extreme emotional distress.

20   41.   Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of Defendants' persistent and routine practice of debt collection.

23   42.   In the alternative, Defendants' actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

1  43.  Plaintiff repeats, realleges, and incorporates by reference the foregoing
2       paragraphs.
3  44.  Defendants' violations of the FDCPA include, but are not necessarily
4       limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5),
5       1692e(8), 1692e(10), 1692f, and 1692f(1).
6  45.  As a direct result and proximate cause of Defendants' actions in viola-
7       tion of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a)  Actual damages under the FDCPA;

b)  Statutory damages under the FDCPA;

c)  Costs and reasonable attorney's fees pursuant to the FDCPA; and

d)  Such other relief as may be just and proper.

DATED  May 28, 2014 .

      s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff